LEWIS & LLEWELLYN LLP
  Marc R. Lewis (SBN 233306)
  Evangeline A.Z. Burbidge (SBN 266966)
  505 Montgomery Street, Suite 1300
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:  (415) 390-2127
Email: mlewis@lewisllewellyn.com
        eburbidge@lewisllewellyn.com

Attorneys for Defendant
 APPLE INC.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANIS KAIGHN AND GREGORY R. KAIGHN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>APPLE INC., THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, BERKSHIRE HATHAWAY INC., WARREN BUFFETT, CHARLES MUNGER, RONALD OLSON, MUNGER, TOLLES & OLSON LLP, GOVERNMENT EMPLOYEES INSURANCE COMPANY, KAISER PERMANENTE, MORGAN STANLEY, WELLS FARGO & COMPANY, BANK OF AMERICA CORPORATION, DISCOVER FINANCIAL SERVICES, CITIBANK N.A., AMERICAN INTERNATIONAL GROUP, AMERICAN GENERAL LIFE INSURANCE COMPANY, BILL & MELINDA GATES FOUNDATION, T-MOBILE USA, ENTERPRISE HOLDINGS, INC., PARAMOUNT EQUITY MORTGAGE, LLC, GLENN A. SAVONA, ARTHUR MARKHAM, and PAUL JULIEN,<br><br>                    Defendants. | Case No. 2:16-cv-02370<br><br>**DEFENDANT APPLE INC.'S MEMEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**Hearing**:<br>Date:  December 16, 2016<br>Time: 10:00 a.m.<br>Crtm: 3, 15th Floor<br>Judge: Hon. Kimberly J. Mueller |

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

## **TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.     THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE. .......................................................................................................... 2

    A.    The Court Lacks Subject Matter Jurisdiction. ......................................... 2

        1.    Plaintiffs Lack Standing. ............................................................ 2

        2.    Plaintiffs' Frivolous Complaint Fails To Establish Federal Question Jurisdiction. ............................................................. 3

    B.    Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted Against Apple. .......................................................................... 3

        1.    The 42 U.S.C. §§ 1983 and 1985 Claims Must Be Dismissed. ................................................................................. 4

        2.    The RICO Claims Must Be Dismissed. ...................................... 4

        3.    The Anti-Terrorism Claims Must Be Dismissed. ....................... 5

        4.    The Communist Control Act Claims Must Be Dismissed. ......... 5

    C.    Plaintiffs' Complaint Is So Convoluted As To Warrant Dismissal. ...................... 6

    D.    Leave To Amend Should Be Denied. ....................................................... 6

III.    CONCLUSION ................................................................................................... 7

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES
IN SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Sandoval*, 532 U.S. 275 (2001)..................................................................................6

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)..................................................................................3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................4, 5

*Beaty v. Santa Rosa*, 599 F. App'x 314 (9th Cir. 2015) ................................................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................4

*Blawis v. Bolin*, 358 F. Supp. 349 (D. Ariz. 1973) .......................................................................6

*C.O. v. Portland Pub. Sch.*, 679 F.3d 1162 (9th Cir. 2012)..........................................................6

*Catacean Cmty. v. Bush*, 386 F.3d 1169 (9th Cir. 2004) ..............................................................2

*Clark v. Houston Tex. Police Dept.*, 2009 WL 1295101 (C.D. Cal. May 7, 2009) .....................5

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ..................................................5

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)..................................................................2

*Denton v. Hernandez*, 504 U.S. 25 (1992)......................................................................................3

*Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996)...........................................................................4

*Hagans v. Lavine*, 415 U.S. 528 (1974)..........................................................................................3

*Hassel v. Simmons*, 2003 WL 22416698, (N.D. Cal. Oct. 20, 2003) ...........................................6

*Leon v. Murphy*, 988 F.2d 303 (2d Cir. 1993) ...............................................................................4

*Long v. Cnty of L.A.*, 442 F.3d 1178 (9th Cir. 2006) .....................................................................4

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996)..........................................................................6

*Mirmehdi v. United States*, 689 F.3d 975 (9th Cir.2012) ..............................................................6

*Olsen v. Idaho St. Bd. Of Med.*, 363 F.3d 916 (9th Cir. 2004) .....................................................4

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir.) ........................................................5

*Ticktin v. C.I.A.*, 2009 WL 976517 (D. Ariz. Apr. 9, 2009) .........................................................3

*U.S. ex rel. Mayo v. Satan & his Staff*, 54 F.R.D. 282 (W.D. Pa. 1971) .....................................2

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES
IN SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

**STATUTES**

18 U.S.C. § 1961 ..................................................................................................................... 3

18 U.S.C. § 2333 .................................................................................................................. 3, 5

42 U.S.C. § 1983 .................................................................................................................. 3, 4

42 U.S.C. § 1985 .................................................................................................................. 3, 4

50 U.S.C. §§ 841-44 ............................................................................................................ 3, 5

**RULES**

Fed. R. Civ. Proc. 8 ......................................................................................................... 6, 7, 8

Fed. R. Civ. Proc. 12(b)(1) ..................................................................................................... 8

Fed. R. Civ. Proc. 12(b)(2) ..................................................................................................... 8

Fed. R. Civ. Proc. 12(b)(6) ..................................................................................................... 8

iii

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES
IN SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

## I.        INTRODUCTION AND SUMMARY OF ARGUMENT.

Collectively, plaintiffs Janis Kaighn and Gregory R. Kaighn ("Plaintiffs") have filed over thirty lawsuits in the past two years alone.  These suits allege a panoply of claims against public figures, corporations, political organizations, and others.  In this case, Plaintiffs accuse Apple Inc. ("Apple") and the other defendants ("Defendants") of being part of an "insane conspiracy to destroy America and [Plaintiffs'] personal lives."  Compl. ¶ 10.  They also allege wide-ranging conspiracy theories regarding the Illuminati, a New World Order, Adolf Hitler, mind control, Plaintiffs' attempted murder by the CIA and Warren Buffett, and the overthrow of the American government.  Compl. ¶¶ 13, 15-18, 29.  Recently, they even asked this Court to issue arrest warrants for all attorneys who have filed motions to dismiss.  Their allegations are tenuously connected to reality, at best.[1]

The claims against Apple are difficult to untangle (i.e., "APPLE is CIA.  Illuminati means Communist.  APPLE means CIA.").  Compl. ¶¶ 13, 45-52.  They make allegations regarding terrorism, communism, mind control, the birth certificate of Steve Jobs, and the ruining of Plaintiffs' lives by a mid-level manager who they have given the alias "Nelson."  *Id.*

Due to the many defects in the Complaint, the Court should dismiss it with prejudice.  As the other Defendants in this matter have also argued, and as set out below, the Complaint fails to plead facts sufficient to establish subject matter jurisdiction, fails to state a claim, and fails to allege facts sufficient to meet the pleading standards set out in the Federal Rules of Civil Procedure.  In addition to filing this Motion, Apple joins in the other Defendants' motions to dismiss.

//

//

//

---

[1]  Earlier this month, a court noted it had "serious concerns about the mental and emotional stability of Mr. Kaighn" following a series of death threats he made against the judge and his staff.  As a result, the judge ordered the court clerk to refer the matter to the Character and Fitness Committee of the State Bar of California.  *See Kaighn v. Democratic Nat'l Committee, et al.*, 2:16-cv-08107-JMV-JBC (Nov. 3, 2016), ECF No. 6 (opinion of court dismissing case).

1

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

## II.   THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE.

### A.   The Court Lacks Subject Matter Jurisdiction.

#### 1.   Plaintiffs Lack Standing.

Plaintiffs fail to allege facts sufficient to establish they have standing to sue.  To establish standing, a plaintiff has the burden to prove that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Catacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).  Plaintiffs fail to meet their burden.

First, the injuries alleged are not actual or imminent (i.e., "These psycho terrorists used a nuclear weapon in lower Manhattan on 9/11."  Compl. ¶ 142).  Second, Plaintiffs have not pled facts sufficient to demonstrate how the catastrophic injuries they allege were caused by Apple.  Neither the fanciful allegations (i.e., "Mind control is here courtesy of APPLE and the CIA.") nor those somewhat more connected to reality (i.e., Apple's "customer service computer system routed any and all of [Plaintiffs'] calls to Mr. Berezovich only") have any real relationship to the injuries alleged.  Compl. ¶¶ 52, 46.  Finally, even if Plaintiffs had sufficiently pled the first two prongs of the standing requirement, they failed to plead the third.  Plaintiffs seek, among other things, to close all corporate Defendants permanently, enjoin them from conducting business in the United States, require them to forfeit all assets, and to have the Court issue a declaratory judgment stripping Defendants of their rights, privileges and immunities.  Compl. ¶¶ 4, 116, 154.  Plaintiffs do not explain how any of these actions would address or remedy their purported injuries.  *See, e.g., U.S. ex rel. Mayo v. Satan & his Staff*, 54 F.R.D. 282, 283 (W.D. Pa. 1971) (dismissing complaint against Satan and his minions for causing plaintiff's "downfall" because, among other reasons, the court had "serious doubts that the complaint reveals a cause of action upon which relief [could] be granted.").  Dismissal here is warranted.

//

2

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

**2.      Plaintiffs' Frivolous Complaint Fails To Establish Federal Question Jurisdiction.**

Simply because Plaintiffs have made claims under federal statutes does not mean this Court has federal question jurisdiction.[2]  According to the Supreme Court, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit."  *Hagans v. Lavine*, 415 U.S. 528, 536 (1974).  Further, under this "substantiality" doctrine, "[a] claim invoking federal-question jurisdiction … may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is … wholly insubstantial and frivolous."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (holding that a court may dismiss a claim as "factually frivolous" if it is "fanciful, fantastic, and delusional").

Plaintiffs' Complaint is frivolous and must be dismissed.  Its allegations span centuries and contain tales of kidnapping, murder, conspiracy, and mind control, among other things.  Compl. ¶¶ 13, 15-18, 29, 60.  Many of the allegations are difficult to understand (i.e., "Attacking the plaintiffs personally resolved the 'terrorist fact pattern' as to MORGAN STANLEY.  MORGAN STANLEY clearly received an advance tip about 9/11 but we had never previously accused them of direct involvement.").  *Id.* at ¶ 78.  These are precisely the type of claims that federal courts routinely dismiss under the substantiality doctrine.  *See, e.g., Ticktin v. C.I.A.*, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) ("[I]nsubstantial and frivolous conspiracy theory claims … are routinely dismissed under the substantiality doctrine pursuant to Fed. R. Civ. P. 12(b)(1).").  The same outcome is warranted here.

**B.      Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted Against Apple.**

Even if Plaintiffs had standing to sue, their Complaint still fails to state a claim against Apple.  A complaint must state a claim for relief that is plausible on its face to survive the

---

[2]   The Complaint alleges violations of 42 U.S.C. §§ 1983 and 1985; (ii) 18 U.S.C. § 1961 (the Racketeer Influenced and Corrupt Organizations Act ("RICO")); (iii) 18 U.S.C. § 2333 (the Anti-Terrorism Act); and (iv) 50 U.S.C. §§ 841-44 (the Communist Control Act).

3

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

pleading phase. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim meets this standard when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Moreover, this content must be enough to "raise a right to relief above a speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs' Complaint does not do this with regard to any of its four claims.

### 1.     The 42 U.S.C. §§ 1983 and 1985 Claims Must Be Dismissed.

Plaintiffs have failed to sufficiently plead their first claim for conspiracy to violate their civil rights under 42 U.S.C. §§ 1983 and 1985.  Compl. ¶¶ 100-116.  First, to state a claim under Section 1983, a plaintiff must show that the defendant's actions occurred "under the color of state law" and that those actions "resulted in the deprivation of a constitutional right or federal statutory right."  *Long v. Cnty of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (internal citations omitted).  Plaintiffs have failed to meet either of these requirements.  The Complaint does not allege facts demonstrating that Apple, a public company, acted "under the color of law" or that it deprived Plaintiffs of any constitutional or federal statutory right.  Further, a complaint that contains "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."  *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993).  Plaintiffs' circular web of baseless accusations does not rise to the level required for a Section 1983 claim.  Second, to state a claim under Section 1985, a plaintiff must not only state "specific facts to support the existence of the conspiracy," he must also "first have a cognizable claim under § 1983."  *Olsen v. Idaho St. Bd. Of Med.*, 363 F.3d 916, 929 (9th Cir. 2004).  Plaintiffs' Section 1983 claim fails as a matter of law and, therefore, their Section 1985 claims must fail as well.  For these reasons, both claims must be dismissed.

### 2.     The RICO Claims Must Be Dismissed.

Plaintiffs have also failed to sufficiently plead their second claim under the RICO Act (18 U.S.C. §§ 1961, *et seq*.).  To state a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).  Plaintiffs have failed to do so.  Based on the pleadings, they appear to allege a 2000-

4

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

year-old conspiracy involving the Roman Catholic Church, John F. Kennedy's assassination, and, among other things, Defendants "conspir[ing] to wage war on the American people and war on the plaintiffs."  Compl. ¶¶ 117-134.  Even if such claims were plausible, which they are not, the pleadings themselves are conclusory.  Simply asserting that Defendants "conspired" to wage war on Plaintiffs is insufficient to state a claim for relief.  *See, e.g., Iqbal*, 556 U.S. at 678; *Clark v. Houston Tex. Police Dept.*, 2009 WL 1295101, at *4 (C.D. Cal. May 7, 2009) (dismissing a RICO claim because the complaint only made "vague references" to RICO, which was insufficient to state a claim).  This claim must also be dismissed.

### 3.   The Anti-Terrorism Claims Must Be Dismissed.

As other Defendants have also made clear, Plaintiffs failed to sufficiently plead their third claim under the Anti-Terrorism Act (18 U.S.C. § 2333).  The Anti-Terrorism Act ("ATA") provides a claim to "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism."  Plaintiffs offer no factual support for their claims under the ATA.  Instead, the Complaint contains a block quote of the statute itself and then makes a series of conclusory allegations, including that "Defendants have committed heinous terrorist attacks, engaged in systematic genocide, started international wars, and committed many other crimes against humanity and the people of the United States."  Compl. ¶ 143.  The "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (accord); *see also Iqbal*, 556 U.S. at 678.  Plaintiffs' conclusory assertions are insufficient to survive a motion to dismiss.  This claim must be dismissed as well.

### 4.   The Communist Control Act Claims Must Be Dismissed.

Plaintiffs have also failed to sufficiently plead their forth claim under the Communist Control Act (50 U.S.C. § 841).  Fatally for Plaintiffs' claim, the Communist Control Act itself does not purport to grant a private right of action.  Without one, "a cause of action does not exist and courts may not create one."  *C.O. v. Portland Pub. Sch.*, 679 F.3d 1162, 1167 (9th Cir.

5

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

2012); *see also Alexander v. Sandoval*, 532 U.S. 275, 288-93 (2001).[3] No further analysis is necessary.

### C.   Plaintiffs' Complaint Is So Convoluted As To Warrant Dismissal.

Plaintiffs' Complaint also warrants dismissal for failure to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8, a complaint must contain a "simple, concise, and direct" statement of the allegations, as well as a "short and plain" statement of the claim showing that Plaintiffs are entitled to relief.  Fed. R. Civ. P. 8(d)(1), (a)(2).  Plaintiffs' Complaint, which is difficult to understand, fails both these requirements. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (failure to meet the pleading requirements under Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)"); *Hassel v. Simmons*, 2003 WL 22416698, at *1 (N.D. Cal. Oct. 20, 2003) (dismissing complaint with prejudice under Rule 8 because "the pleading is incomprehensible and fails to explain why plaintiff believes he has been wronged, or what he wishes the Court to do.").

### D.   Leave To Amend Should Be Denied.

Plaintiffs' Complaint is 44 pages long, contains long passages of stream-of-consciousness, and lacks factual or legal basis.  When coupled with the other pleadings filed in this case, it is clear the Complaint cannot be amended to plead facts sufficient to establish that this Court has subject matter jurisdiction or to state a claim against Apple. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir.2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile…[.]"); *Beaty v. Santa Rosa*, 599 F. App'x 314, 315 (9th Cir. 2015) (affirming dismissal of complaint without leave to amend when the court lacked subject matter jurisdiction); *Hassel*, 2003 WL 22416698, at *1-2 (dismissing complaint with prejudice because it was "so convoluted and difficult to read that it is impossible to determine whether plaintiff may have any meritorious claim.").  Therefore, leave to amend should be denied and the Complaint against Apple should be dismissed with prejudice.

---

[3]   To the extent relevant, the Communist Control Act has also been found to be unconstitutional on its face. *See Blawis v. Bolin*, 358 F. Supp. 349, 357 (D. Ariz. 1973).

6

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

## III.     CONCLUSION

For the reasons addressed above, the Court should dismiss Plaintiffs' Complaint against Apple with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and Rule 8.

Dated:  November 22, 2016                              Respectfully submitted,

LEWIS & LLEWELLYN LLP
     Marc R. Lewis
     Evangeline A.Z. Burbidge


By:  /s/ Evangeline A.Z. Burbidge
     Evangeline A.Z. Burbidge

7

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on the 22nd day of November, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

By: /s/ Evangeline A.Z. Burbidge
Evangeline A.Z. Burbidge

8

LEWIS & LLEWELLYN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. APPLE'S MEM. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOT. TO DISMISS

Case No. 2:16-CV-02370